**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Jose Eduardo HERNANDEZ–BELTRAN, also known as Francisco Javier Beltran, Defendant–Appellant.**

**No. 05–40708.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

---

* Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀ. R. 47.5.4.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Molly E. Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Eduardo Hernandez–Beltran (Hernandez) appeals his guilty-plea conviction and sentence for being illegally present in the United States following removal. Hernandez argues that the district court erred by finding that his prior Texas felony conviction for burglary of a habitation was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). In *United States v. Garcia–Mendez*, 420 F.3d 454, 456–57 (5th Cir.2005), *petition for cert. filed* (Dec. 15, 2005)(No. 05–8542), this court held that a prior Texas conviction for burglary of a habitation was a prior conviction for a crime of violence under § 2L1.2(b)(1)(A)(ii) because it was equivalent to the enumerated offense of burglary of a dwelling. Hernandez asserts that *Garcia–Mendez* is inapplicable to the present case because the issue in that case was reviewed for plain error and because this court did not apply the categorical analysis mandated by *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). While the review of this issue in *Garcia–Mendez* was for plain error, this court clearly held that a Texas conviction for burglary of a habitation was a conviction for a crime of violence under § 2L1.2(b)(1)(A)(ii). *See Garcia–Mendez*, 420 F.3d at 456–57. Hernandez's argument that this court did not properly apply the categorical analysis of *Taylor* in *Garcia–Mendez* is nothing more than an argument that *Garcia–Mendez* was incorrectly decided, and is unavailing. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir.1999) (applying prior panel rule).

Hernandez's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Hernandez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Hernandez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.