United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————

No. 04-41397
Summary Calendar

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GUSTAVO MURILLO-LOPEZ,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Texas

————————————

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Gustavo Murillo-Lopez pleaded guilty to illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326. Murillo-Lopez appeals his sentence, including a sixteen-level "crime of violence" enhancement, on the following grounds: (1) the sentence-enhancement provisions in 8 U.S.C. § 1326(b) are unconstitutional, (2) the district court erroneously sentenced him under the mandatory sentencing guidelines regime found unconstitutional in *United States v. Booker,*[1] and (3) the district court erroneously concluded that Murillo-Lopez's 2003 burglary conviction under CALIF. PENAL CODE § 459 constitutes "burglary of a dwelling," a specifically enumerated "crime of violence" under section 2L1.2

---

[1] 543 U.S. 220 (2005).

of the United States Sentencing Guidelines. For the reasons that follow, we vacate Murillo-Lopez's sentence and remand for resentencing in light of *Booker*.

Murillo-Lopez concedes that his constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez-Torres v. United States*[2] and raises the issue here solely to preserve it for Supreme Court review. But Murillo-Lopez correctly asserts that the district court erred in sentencing him under the then-mandatory sentencing guidelines regime.[3] Murillo-Lopez preserved this error in the district court, and the Government has not met its arduous burden of establishing that the error was harmless beyond a reasonable doubt.[4] Therefore, we vacate Murillo-Lopez's sentence and remand to the district court for resentencing.

In the interest of judicial efficiency and to provide guidance on remand,[5] we now consider whether Murillo-Lopez's prior burglary conviction is a "crime of violence" under section 2L1.2 of the Guidelines.[6] The application notes to section 2L1.2 state that an offense is a "crime of violence" if (1) it has the use, attempted use, or threatened use of physical force against the person of another as an element of the offense, or (2) it qualifies as one of

---

[2]523 U.S. 224, 235 (1998); *see also United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005).

[3]*See Booker*, 543 U.S. at 259 (2005).

[4]*See United States v. Walters*, 418 F.3d 461, 463-64 (5th Cir. 2005).

[5]*See In re Mirant Corp.*, 378 F.3d 511, 522 (5th Cir. 2004) (addressing an issue "[i]n the interest of judicial efficiency and to provide guidance on remand"); *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 528 (5th Cir. 2002) (addressing an issue "[t]o provide guidance on remand" even though other errors justified a remand).

[6]U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2003).

2

several specifically enumerated offenses.[7] The Government contends only that Murillo-Lopez's burglary conviction constitutes a specifically enumerated offense, namely "burglary of a dwelling"; therefore, we do not consider whether physical force is an element of the offense.

We review the district court's interpretation and application of the Sentencing Guidelines *de novo*.[8] In determining whether a prior offense is equivalent to an enumerated offense that is not defined in the Guidelines, like "burglary of a dwelling," we have said that "we must define [the enumerated offense] according to its 'generic, contemporary meaning' and should rely on a uniform definition, regardless of the 'labels employed by the various States' criminal codes.'"[9] We have also said that we must apply a "common sense approach" in determining whether a prior conviction constitutes an enumerated offense as that offense "is understood in its 'ordinary, contemporary, [and] common' meaning."[10] If the statute of conviction is overly broad, we may also examine certain adjudicative records to determine whether the prior conviction qualifies as an enumerated offense.[11] "These records are

---

[7]*Id.* cmt. n.1(B)(iii).

[8]*See United States v. Calderon-Pena*, 383 F.3d 254, 256 (5th Cir.) (en banc), *cert. denied*, 543 U.S. 1076 (2005).

[9]*United States v. Dominguez-Ochoa*, 386 F.3d 639, 642-43 (5th Cir. 2004) (quoting *Taylor v. United States*, 495 U.S. 575, 592, 598 (1990), in determining whether a Texas conviction for criminally negligent homicide is equivalent to "manslaughter" for purposes of the "crime of violence" enhancement in section 2L1.2) (internal citations omitted), *cert. denied*, 543 U.S. 1131 (2005).

[10]*United States v. Izaguirre-Flores*, 405 F.3d 270, 274-75 (5th Cir.) (determining whether the defendant's violation of a state statute criminalizing certain contact with children constitutes "sexual abuse of a minor" for purposes of the crime-of-violence enhancement in section 2L1.2), *cert. denied*, 126 S. Ct. 253 (2005).

[11]*See id.* at 274 n.14.

generally limited to the 'charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented.'"[12]

The Government concedes that the California burglary statute under which Murillo-Lopez was convicted includes offenses other than those that categorically qualify as "burglary of a dwelling" because the statute encompasses both dwellings and non-dwellings. But the Government contends that the criminal complaint to which Murillo-Lopez pleaded guilty establishes that he was in fact convicted of "burglary of a dwelling." Although neither the judgment of conviction nor the charging document is part of the record, Murillo-Lopez concedes that he pleaded guilty to a criminal complaint charging him with "a violation of [California] Penal Code section 459, a felony, in that on or about June 1, 2003, in the County of Riverside, State of California, he did wilfully and unlawfully enter a certain building, to wit, *an inhabited dwelling house*, . . . with intent to commit theft and a felony."[13]

Section 459 of the California Penal Code provides:

> Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, as defined in Section 21 of the Harbors and Navigation Code, floating home, as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, trailer coach, as defined in Section 635 of the Vehicle Code, any house car, as defined in Section 362 of the Vehicle Code, inhabited camper, as defined in Section 243 of the Vehicle Code, vehicle as defined by the Vehicle Code, when the doors are locked, aircraft as defined by Section 21012 of the Public Utilities Code, or mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary. As used in this chapter, *"inhabited" means currently being used for dwelling purposes, whether occupied or not.* A house, trailer, vessel designed for habitation, or portion of a building is currently being used for dwelling purposes if, at the time of the burglary, it was not occupied solely because a

---

[12]*See United States v. Gonzalez-Chavez*, 432 F.3d 334, 337-38 (5th Cir. 2005) (quoting *Shepherd v. United States*, 544 U.S. 13 (2005)).

[13]Emphasis added.

4

natural or other disaster caused the occupants to leave the premises.[14]

Section 460 of the California Penal Code further provides that:

> (a) Every burglary of *an inhabited dwelling house*, vessel, as defined in the Harbors and Navigation Code, which is inhabited and designed for habitation, floating home, as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, or trailer coach, as defined by the Vehicle Code, or the inhabited portion of any other building, is burglary of the first degree.
>
> (b) All other kinds of burglary are of the second degree.[15]

Murillo-Lopez does not dispute that he pleaded guilty to burglary of a "building, to wit, an inhabited dwelling house," and he does not argue that the district court improperly considered the criminal complaint in determining whether his burglary conviction constituted a "crime of violence." But he argues that even the crime charged in the criminal complaint is too broad to qualify as "burglary of a dwelling" because California courts construe the terms "building" and "inhabited dwelling house" to include structures such as tents[16] and vessels used for human habitation[17] and such structures do not fall within the scope of "generic burglary" as defined by the Supreme Court in *Taylor v. United States.*[18]

---

[14]CAL. PENAL CODE § 459 (West 1999) (emphasis added).

[15]*Id.* § 460 (emphasis added).

[16]*See People v. Wilson*, 11 Cal. App. 4th 1483, 1489 (Cal. Ct. App. 1992, rev. denied) (concluding that a tent is both a "building" and "inhabited dwelling house" under CALIF. PENAL CODE § 460 as long as it is an "actual place of abode").

[17]*See People v. Cruz*, 13 Cal. 4th 764, 770-71 (Cal. 1996) (noting that the terms "building" and "inhabited dwelling house" are construed broadly and concluding that burglary of an inhabited vessel was burglary of an "inhabited dwelling house" as used in a state sentencing enhancement provision despite the fact that the applicable burglary statute, CALIF. PENAL CODE § 460, currently lists inhabited vessels and inhabited dwelling houses separately).

[18]495 U.S. 575 (1990).

In *Taylor*,[19] the Supreme Court construed the term "burglary" as used in 18 U.S.C. § 924(e), which is a sentencing enhancement enacted as part of the Career Criminals Amendment Act of 1986. The Supreme Court concluded that the definition of "burglary" should not be derived from the common-law, which limited the offense to "'breaking and entering the dwelling house of another in the nighttime with the intent to commit a felony,'"[20] because "the contemporary understanding of 'burglary' has diverged a long way from its common-law roots."[21] Instead, Congress intended a broader definition of the term. The Court also concluded that application of the enhancement should not depend on whether a crime is specifically denominated "burglary" under state law because of the variations, and overbreadth, in the scope of many state burglary statutes.[22] Instead, the Court said, "Congress meant by 'burglary' the generic sense in which the term is now used in the criminal codes of most States,"[23] but it "must have some uniform definition independent of the labels employed by the various States' criminal codes."[24] The Court thus determined that "the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime."[25]

---

[19]*Id.* at 577-78.

[20]*Id.* at 580 n.3 (quoting W. LaFave & A. Scott, Substantive Criminal Law § 8.13, p. 464 (1986)).

[21]*Id*. at 593.

[22]*See id*. at 591.

[23]*Id*. at 598.

[24]*Id*. at 592.

[25]*Id*. at 598.

As examples of state statutes that are overly broad, and thus not categorically subject to a section 924(e) enhancement, the Supreme Court mentioned statutes that include places "other than buildings," such as automobiles, vending machines, booths, tents, boats, vessels, and railroad cars.[26] The Court also noted the overbreadth of California's burglary statute, which includes such acts as "shoplifting and theft of goods from a 'locked' but unoccupied automobile."[27] But the Court said that a conviction under an overly broad statute could nonetheless result in an enhancement if the charging documents and certain other conclusive adjudicative records establish that the defendant was convicted of generic burglary.[28]

It is from the Supreme Court's discussion of overly broad burglary statutes that Murillo-Lopez derives his argument that "burglary of a dwelling" is but a narrow subset of "burglary" that cannot extend to places or structures excluded from the definition of generic burglary, like the tents and vessels included in the California definition of "inhabited dwelling house." The Government counters that we must give effect to the ordinary meaning of "dwelling" as a place of habitation without limiting the types of structures that can constitute dwellings. Alternatively, the Government contends that use of any structure as a habitation makes it equivalent to a building or home within *Taylor*'s generic definition of burglary.[29]

---

[26]*Id.* at 599.

[27]*Id.* at 591 (discussing CAL. PENAL CODE ANN. § 459 (West. Supp. 1990)).

[28]*Id.* at 602.

[29]*See United States v. Sweeten*, 933 F.2d 765, 770-71 (9th Cir. 1991) (concluding that a Texas conviction for "burglary of a habitation" qualifies as "generic burglary" under section 924(e) even though the statute includes within the definition of "habitation" "'vehicle[s] . . . adapted for the overnight accommodation of persons'" because such vehicles are necessarily limited to "trailers, campers and mobile homes – whose primary purpose is to serve as a dwelling and not as a mode of transportation" and do not constitute

This court applies *Taylor*'s categorical approach in determining whether a prior state conviction falls within the scope of the Sentencing Guidelines, but this does not mean that *Taylor*'s definition of "burglary" automatically applies whenever the term "burglary" is used in the Guidelines. Although the uniformity concerns identified in *Taylor* are equally applicable to the Sentencing Guidelines, *Taylor* interprets a federal statute, does not purport to define "burglary of a dwelling," and does not purport to govern the Guidelines. Although we have not yet considered the precise argument presented in this case, we have considered whether prior convictions constituted "burglary of a dwelling" under the Guidelines and have not relied on, or even cited, *Taylor*'s definition.[30] In each of those cases, we concluded that a conviction for "burglary of a habitation" under the Texas Penal Code constitutes a crime of violence even though the statutory definition of "habitation" includes "vehicle[s] . . . adapted for the overnight accommodation of persons."[31]

Other circuits have not applied *Taylor*'s definition of "burglary" to the term "burglary of a dwelling" as used in the Guidelines, although those courts have not explicitly considered the issue presented here. In *United States v. Graham*, the Eighth Circuit concluded that a prior conviction for burglaries of unspecified "structures" used as "weekend fishing retreats" was equivalent to "burglary of a dwelling" within the meaning of section 4B1.1 of the Guidelines.[32] The court did not cite *Taylor* and instead relied on Black's Law Dictionary,

---

"automobiles," which are excluded from the generic definition of burglary (quoting TEX. PENAL CODE ANN. § 30.01 (Vernon 1974)).

[30]*See United States v. Garcia-Mendez*, 420 F.3d 454, 456-57 (5th Cir. 2005); *United States v. Hornsby*, 88 F.3d 336, 339 (5th Cir. 1996); *see also United States v. Hernandez-Garcia*, 158 Fed. Appx. 548 (5th Cir. 2005); *United States v. Hernandez-Beltran*, No. 05-40708, 2006 WL 461053, at *1 (5th Cir. Feb. 23, 2006).

[31]*See* n.29 *supra*.

[32]982 F.2d 315, 316 (8th Cir. 1992).

which defined "dwelling" as "'a building or portion thereof, a tent, a mobile home, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence.'"[33]

In *United States v. McClenton*, the Third Circuit concluded that burglary of a hotel guest room constitutes "burglary of a dwelling" under section 4B1.2's "crime of violence" provision.[34] Burglary of a hotel guest room would no doubt qualify as generic burglary under *Taylor* but the court did not rely on *Taylor*'s definition. The court did cite *Taylor*'s categorical approach for determining whether the prior conviction qualified as an enumerated "crime of violence,"[35] but primarily relied on *Graham* and Black's Law Dictionary for the appropriate definition of "burglary of a dwelling."[36] The court noted that "[a]t common law, burglary was considered to be an offense against habitation rather than against property. The

---

[33]*Id.* (quoting BLACK'S LAW DICTIONARY 505 (6th ed. 1990)). The current version of Black's Law Dictionary provides the following definition of "dwelling house":

> 1. The house or other structure in which a person lives; a residence or abode. 2. *Real estate*. The house and all buildings attached to or connected with the house. 3. *Criminal law*. A building, a part of a building, a tent, a mobile home, or another enclosed space that is used or intended for use as a human habitation. The term has referred to connected buildings in the same curtilage but now typically includes only the structures connected either directly with the house or by an enclosed passageway. — Often shortened to *dwelling*.

BLACK'S LAW DICTIONARY 546 (8th ed. 2004).

[34]53 F.3d 584, 588 (3d Cir. 1995).

[35]*Id.* at 588 n.8.

[36]*Id.* at 587.

peace of mind and security of the residents was sought to be protected, rather than the property."[37]

In *United States v. Wenner*, the Ninth Circuit considered whether a defendant's prior burglary convictions under Washington law were equivalent to "burglary of a dwelling" under section 4B1.2.s "crime of violence" provision.[38] The defendant made the same argument Murillo-Lopez raises here—that "'burglary of a dwelling' under the Guidelines must be a 'burglary' under *Taylor* (*i.e.*, it must involve entry into a building), and the burglary must be of a 'dwelling' under federal law (which might differ from Washington's definition of a 'dwelling')."[39] The court agreed and concluded that the Washington burglary convictions were not crimes of violence because "[s]ome things that are dwellings under Washington law (*e.g.*, fenced areas, railway cars, and cargo containers) are not buildings or structures under federal law, and so cannot support a conviction for generic 'burglary' under *Taylor*."[40] The court stated that "the most logical and sensible reading of the Guidelines and the reading that is consistent with our cases is to construe 'burglary of a dwelling' as the *Taylor* definition of burglary, with the narrowing qualification that the burglary occur in a dwelling."[41]

---

[37]*Id.* at 587-88.

[38]351 F.3d 969, 971-72 (9th Cir. 2003).

[39]*Id.* at 972.

[40]*Id.*; *cf. United States v. Guerrero-Velasquez*, 434 F.3d 1193, 1195, 1196-97 (9th Cir. 2005) (following *Wenner* but concluding that the defendant's conviction for burglary under Washington law was for "burglary of a dwelling" because the defendant pleaded guilty to entering a "residence").

[41]*Wenner*, 351 F.3d at 973.

However, in *United States v. Rodriguez-Rodriguez*, the Ninth Circuit, citing *Wenner*, concluded that the defendant's prior conviction under sections 459 and 460 of the California Penal Code constituted "burglary of a dwelling" under section 2L1.2 of the Guidelines because the defendant pleaded "guilty to 'willfully and *unlawfully* enter[ing] a building with intent to commit theft' where the building was an 'inhabited dwelling house [or other residential building] . . . within the meaning of Penal Code section 460.'"[42] The crime charged in *Rodriguez* is similar to the crime to which Murillo-Lopez pleaded guilty, although it does not appear that the *Rodriguez* court considered the type of structures included within the term "inhabited dwelling house" under California law. In *United States v. Williams*, which predates *Wenner*, the court concluded the defendant was properly assessed a "crime of violence" enhancement under section 4B1.2 because he "pleaded *nolo centendere* to charges that he 'did willfully and unlawfully enter the residence, and building occupied by [the victim], with the intent to commit larceny.'"[43] The court indicated that the reference to "residence" was sufficient to constitute "burglary of a dwelling."[44]

The Model Penal Code, which the Supreme Court considered in crafting the definition of burglary for purposes of the sentencing enhancement in section 924(e), does not include a separate offense called "burglary of a dwelling." Article 221.1 of the Model Penal Code, entitled "Burglary," generally tracks *Taylor*'s generic definition of "burglary" but enhances

---

[42]393 F.3d 849, 852-53 (9th Cir.), *cert. denied*, 125 S. Ct. 2280 (2005); *see also United States v. Tyler*, No. 97-10477, 1999 WL 97277, *1 (9th Cir., Feb. 25, 1999) ("Because [the defendant pleaded] guilty to 'burglary in the first degree, burglary of an inhabited portion of a dwelling place pursuant to section 459 of the California Penal Code,' the district court did not err by determining that [he] had been convicted of first degree burglary of a dwelling [under section 4B1.2].").

[43]47 F.3d 993, 995 (9th Cir. 1995).

[44]*Id.*

11

the degree of the crime "if it is perpetrated in the dwelling of another at night."[45] "Dwelling" is not defined in this article or in the explanatory notes, but its inclusion as an enhancing factor suggests that "burglary of a dwelling" is a subset of generic burglary. Still, the Model Penal Code does not discuss the types of structures that would fall within the scope of the burglary provision.

Similarly, LaFave's treatise on substantive criminal law, which includes an in-depth examination of common-law burglary, also does not specifically address whether under the common law the term "dwelling" applied to non-affixed structures used for habitation, but it does note that "common-law burglary found its theoretical basis in the protection of man's right of habitation" and says

> [t]he original term used in defining burglary was "mansion house," but from its introduction the term was understood to include all dwellings, regardless of their size or worth. Because the basis of the crime was invasion of the right of habitation, the structure need only be a dwelling, that is, a place of human habitation, and occupancy rather than ownership was determinative.[46]

Applying a common sense approach and the ordinary, contemporary and common meaning of the word "dwelling," we conclude that *Taylor*'s definition of generic burglary, although instructive, does not strictly apply to the specific offense "burglary of a dwelling" as used in the Guidelines. Instead, "burglary of a dwelling" includes the elements of generic burglary as stated in *Taylor* but it also includes, at a minimum, tents or vessels used for human habitation. Because Murillo-Lopez's California burglary conviction as described in the criminal complaint is equivalent to "burglary of a dwelling," the district court may consider section 2L1.2's "crime of violence" enhancement when sentencing Murillo-Lopez on remand.

---

[45] MODEL PENAL CODE §§ 221.1(1)-(2) (2001).

[46] WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 21.1(c) (2d ed. 2003) (citations omitted).

12

VACATED and REMANDED.