United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41340
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANGEL RODRIGUEZ-PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-458-ALL
--------------------

Before Barksdale, Stewart, and Clement, Circuit Judges.

PER CURIAM:[*]

Jose Angel Rodriguez-Perez (Rodriguez) appeals his 37-month prison sentence, imposed following his guilty plea to being an alien unlawfully found in the United States after deportation and after having been convicted of a felony, in violation of 8 U.S.C. § 1326(a) and (b).

The Government contends that Rodriguez waived this appeal pursuant to a waiver-of-appeal provision in his written plea agreement. That waiver provision stated that Rodriguez was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"waiv[ing] the right to appeal the sentence imposed or the manner in which it was determined," except for an upward departure or a sentence imposed above the statutory maximum. At Rodriguez's rearraignment proceeding, the magistrate judge called attention to the waiver-of-appeal provision in Rodriguez's plea agreement but advised him that he retained his right to appeal an "illegal sentence." It is arguable that this advice was an inaccurate characterization of the appeal waiver and thus did not comply with FED. R. CRIM. P. 11(b)(1)(N)'s requirement that the court advise the defendant of "the terms of any plea-agreement provision waiving the right to appeal." Accordingly, we conclude that the appeal waiver was not knowing and voluntary, see United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999), and that it therefore does not bar this appeal.

Rodriguez argues that his sentence must be vacated and his case remanded for resentencing because the district court committed reversible error by sentencing him pursuant to a mandatory Sentencing Guidelines regime, in light of United States v. Booker, 543 U.S. 220 (2005). Rodriguez's objection in district court, pursuant to Blakely v. Washington, 542 U.S. 296 (2004), was sufficient to preserve this issue for harmless-error review. United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005); see United States v. Molina, No. 04-40876, 2006 WL 905978 at *4 (5th Cir. Apr. 4, 2006) (unpublished). The district court's sentence pursuant to a mandatory Guidelines scheme

constitutes "Fanfan" error.  See Walters, 418 F.3d at 463-64.
Because the sentencing transcript is silent regarding whether the
district court would have imposed the same sentence had the
Guidelines been advisory, the Government has failed to meet its
burden of proving beyond a reasonable doubt that the district
court would have imposed the same sentence had the Guidelines
been advisory only.  See United States v. Woods, 440 F.3d 255,
257 (5th Cir. 2006).  Accordingly, we vacate and remand for
resentencing.

In "the interest of judicial efficiency and to provide
guidance on remand," see United States v. Murillo-Lopez, 444 F.3d
337, 339 (5th Cir. 2006), we address other sentencing issues
raised by Rodriguez.  Rodriguez contends that the district court
erred by imposing a 16-level Sentencing Guidelines increase for
having committed a prior "crime of violence," based on his 1992
Texas conviction of burglary of a habitation.  He maintains that
the elements of the 1992 offense do not include the use or
attempted or threatened use of physical force against another, as
required by U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Because Rodriguez did
not raise this particular argument in the district court, we
review it for plain error only.  See United States v. Olano, 507
U.S. 725, 731-37 (1993); United States v. Medina-Anicacio, 325
F.3d 638, 643 (5th Cir. 2003).  We have held that the Texas
offense of burglary of a dwelling is equivalent to the enumerated
offense of "burglary of a dwelling" in § 2L1.2, cmt. n.1(B)(iii).

See <u>United States v. Garcia-Mendez</u>, 420 F.3d 454, 456-57 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1398 (2006).  No error, plain or otherwise, is evident.

Rodriguez also argues that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional.  This constitutional challenge to § 1326(b) is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Rodriguez contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Rodriguez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

We AFFIRM Rodriguez's conviction, VACATE his sentence, and REMAND the case for resentencing.