United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41398
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN JUAREZ-PALOMO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-412-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Martin Juarez-Palomo (Juarez) challenges his guilty-plea conviction and 30-month sentence for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. Juarez asserts that his prior California conviction for burglary under California Penal Code § 459 is not a crime of violence, as defined in U.S.S.G. § 2L1.2, and that, as a result, the district court erred in assessing a 16-level crime of violence enhancement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Juarez's prior California conviction for burglary is the equivalent to the enumerated crime of violence offense of burglary of a dwelling. See United States v. Murillo-Lopez, 444 F.3d 337, 344-45 (5th Cir. 2006). Accordingly, the district court did not err in applying the § 2L1.2(b)(1)(A)(ii) 16-level crime of violence enhancement. See id.

Juarez also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Juarez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Juarez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.