*This case was not selected for publication in the Federal Reporter*

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rohan George STEWART, Defendant–Appellant.**

**No. 06–40537
Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Nov. 17, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Sarah Beth Landau, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, BARKSDALE, AND BENAVIDES, Circuit Judges.

PER CURIAM: *

Rohan George Stewart appeals his guilty-plea conviction and sentence for attempted illegal reentry. *See* 8 U.S.C. § 1326. He argues that the district court erred in assessing a 16–level "crime of violence" enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a prior Florida conviction for burglary of a dwelling. He argues that the Florida statute is over broad because it includes "cur-

tilage" in the definition of "dwelling." *See* FLA. STAT. §§ 810.02, 810.011(2).

Stewart's argument is without merit. The charging document for one of the burglaries on which the enhancement was based indicates that he burglarized an apartment. An apartment is designed for human habitation and is therefore within the meaning of a "dwelling" for purposes of "burglary of a dwelling" as used in the Guidelines. *United States v. Murillo–Lopez,* 444 F.3d 337, 345 (5th Cir.2006); § 2L1.2(b)(1)(A)(ii), comment. (n.1(B)(iii)); FLA. STAT. § 810.011(2).

Stewart's challenge to the constitutionality of 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Stewart contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. See *United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.