United States Court of Appeals
Fifth Circuit

**F I L E D**

February 21, 2007

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals*
*For The Fifth Circuit*

No. 05-41511
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LORENZO LUIS MAYERS-CARRILLO,

Defendant - Appellant.

Appeal from the United States District Court
For the Southern District of Texas
No. 5:05-CR-760

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

Lorenzo Luis Mayers-Carrillo appeals his 77-month sentence following a guilty plea

for re-entry after deportation, in violation of 8 U.S.C. § 1326(b)(2) and 6 U.S.C. §§ 202 and

557. We affirm.

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Mayers-Carrillo first contends that the district court erred when it characterized his 1996 Kansas burglary conviction as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Mayers-Carrillo properly concedes that this argument is foreclosed by this court's holding in *United States v. Murillo-Lopez*,[1] but he raises it here to preserve it for further review.

II

Mayers-Carrillo also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey*.[2] Mayers-Carrillo properly concedes that his argument is foreclosed in light of *Almendarez-Torres v. United States*[3] and circuit precedent,[4] but he raises it here to preserve it for further review.

III

Mayers-Carrillo next contends that the district court erred by "applying the Guidelines

---

[1]444 F.3d 337, 344-45 (5th Cir. 2006) (holding that a California conviction for burglary of an inhabited dwelling house was equivalent to burglary of a dwelling and therefore was a crime of violence under the Sentencing Guidelines).

[2]530 U.S. 466 (2000).

[3]523 U.S. 224, 235 (1998).

[4]*See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005).

[to his post-*Booker*[5] sentence] in the same sort of mandatory fashion struck down in *Booker*." Because Mayers-Carrillo makes this argument for the first time on appeal, we review for plain error.[6] Under plain-error review, we have "a limited power to correct errors that were forfeited because [they were] not timely raised in the district court."[7] We "may not correct an error the defendant failed to raise in the district court unless there is (1) error, (2) that is plain, and (3) that affects substantial rights."[8] If all of these conditions are met, we "may then exercise [our] discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."[9]

Under the first two prongs, a district court commits plain error if it treats the Guidelines as mandatory in violation of *Booker*.[10] *Booker*, which was decided on January 12, 2005, excised the provision of 18 U.S.C. § 3553 "that requires sentencing courts to impose a sentence within the applicable Guidelines range."[11] "Without the 'mandatory' provision, the Act nonetheless requires judges to take account of the Guidelines together with

---

[5]*United States v. Booker*, 543 U.S. 220 (2005).

[6]*United States v. Bringier*, 405 F.3d 310, 316 (5th Cir.), *cert. denied*, 126 S. Ct. 264 (2005).

[7]*United States v. Olano*, 507 U.S. 725, 731 (1993).

[8]*United States v. Mares*, 402 F.3d 511, 520 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005).

[9]*Id.*

[10]*See id.* at 520-21 (holding that a sentence imposed under the mandatory Sentencing Guidelines is plain error).

[11]*See United States v. Booker*, 543 U.S. 220, 259 (2005).

3

other sentencing goals [in § 3553(a)]."[12] Mayers-Carrillo was sentenced in October 2005, nine months after *Booker* was decided.

When we examine the entire sentencing record, we cannot reasonably conclude that the district court believed that the Guidelines were mandatory or effectively treated the Guidelines as mandatory. First, the record shows that the district court was aware that the Guidelines were advisory after *Booker*. The district court, in its Statement of Reasons, checked the box beside the statement, "The Court adopts the presentence report and Guideline applications without change," and the presentence report states in two different places that the Guidelines are advisory under *Booker*. Also, at the top of the Sentencing Recommendation, it states, "In light of *United States v. Booker*, 543 U.S. ___ (2005), the guideline provisions listed below are advisory."

Next, there is no indication in the record that the district court treated the Guidelines as mandatory when it sentenced Mayers-Carrillo. At sentencing, the district court made the following colloquy:

> I'll just tell all of you, I go back to the days when judges were real judges and we didn't have guidelines and looked at the whole deal and imposed the sentence that we thought was proper. And that's probably what I ought to put in all of these. I know that all of you are hard bound by all of this mumbo-jumbo.
>
> I don't mean to be critical at all about what the probation officer goes through, but my first ten years or so was in the good old days. You know the story–I might as well lighten it just a

---

[12]*Id.*

4

little bit–I said this yesterday: Things aren't what they used to be and they never were.

. . .

Mr. Mayers-Carrillo, the court faces rules of law that I have to follow. You are going to face a serious sentence no matter how we resolve that, but I'll do the lowest I can under the circumstances, recognizing that you are going to still have a very significant amount of time for unlawful entry for a one-day period, which is what it was.

Pursuant to the sentencing reform act of 1984, it is the judgment of the court that the defendant Lorenzo Luis Mayers-Carrillo is hereby sentenced to the custody of the Bureau of Prisons to be imprisoned for a term of 77 months.

 . . . [Y]our total sentence is the lowest end of the guidelines, 77 months.

. . .

Mr. Mayers-Carrillo, the only thing I can tell you is you've gotten the lightest sentence that would be possible under the circumstances for me still following the law.

And it's a big stretch. I'm doing it because it is still a significant sentence.

If you ever come back again, I don't believe you will ever go back to Mexico. You are going to spend all your time in the federal penitentiary.

Mayers-Carrillo contends that the district court's statements that "the court faces rules of law that I have to follow . . . but I'll do the lowest I can under the circumstances . . ." and describing the sentence as "the lightest sentence that would be possible under the circumstances for me still following the law" indicate that the district court treated the

5

Guidelines as mandatory. Mayers-Carrillo also argues that the fact that the district court did not mention any of the § 3553(a) sentencing factors at the sentencing hearing shows that the district court only considered the Guidelines when sentencing Mayers-Carrillo in violation of *Booker*. In its Statement of Reasons, however, the district court stated, "The Court finds the guidelines adequately address the sentencing factors in 18 U.S.C. § 3553(a)."

When we consider the district court's statements at the sentencing hearing along with its statement in the Statement of Reasons, we conclude that the district court followed the *Booker* requirement that the district court must consult both the § 3553(a) sentencing factors and the Guidelines when sentencing. Therefore, the reasonable interpretation of the district court's statement that it was giving "the lightest sentence that would be possible under the circumstances for me still following the law" is that the district court was following the law from *Booker* that it consult both the sentencing factors and the Guidelines.

The district court's meaning becomes even more apparent when we examine the circumstances surrounding Mayers-Carrillo's conviction and sentence. Mayers-Carrillo contends that he re-entered the United States only for a one-day period to visit his attorney about a lawsuit and that he was planning to return to Mexico. He contends that based on his "innocent and transitory reason" for his illegal re-entry, the district court could have concluded that 77 months was excessive in light of many of the § 3553(a) sentencing factors that the court must consider: "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the seriousness of the offense;" the need "to provide just punishment for the offense;" and the need "to afford adequate deterrence to criminal

6

conduct." Mayers-Carrillo argues that this supports his contention that the district court treated the Guidelines as mandatory and would have sentenced him to a lower sentence if it had treated the Guidelines as advisory and properly considered the § 3553(a) factors.

In making this argument, Mayers-Carrillo ignores how several of the § 3553(a) factors apply to his circumstances. Section 3553(a) requires the sentencing judge to consider, *inter alia*, "the history and characteristics of the defendant," the need "to promote respect for the law," the need "to afford adequate deterrence to criminal conduct," and the need "to protect the public from further crimes of the defendant."[13] The presentence report that the district court adopted detailed that Mayers-Carrillo had been previously arrested in the United States at least nine times since 1980, convicted of at least twelve crimes, including four times for illegal re-entry after deportation, and deported to Mexico after at least five of those arrests and convictions. At the sentencing hearing, Mayers-Carrillo admitted to the district court that he had previously been sentenced to 77 months for illegally re-entering the United States. Therefore, the district court was aware of Mayers-Carrillo's long history of illegally re-entering the United States and committing crimes. A reasonable reading of the record indicates that these are the "circumstances" to which the district court referred when it stated that it would give Mayers-Carrillo "the lightest sentence that would be possible under the circumstances for me still following the law." We therefore cannot reasonably conclude that the district court believed that the Guidelines were mandatory or effectively applied the

---

[13]18 U.S.C. § 3553(a).

Guidelines as mandatory. Mayers-Carrillo has failed to establish that the district court committed plain error.

Even if Mayers-Carrillo could establish that the district court treated the Guidelines as mandatory, he cannot show that this error affected his substantial rights. To demonstrate that the error affected his substantial rights, Mayers-Carrillo bears the burden of persuasion to show "that the error 'must have affected the outcome of the district court proceedings.'"[14] Mayers-Carrillo must demonstrate "a probability sufficient to undermine the confidence in the outcome."[15] Specifically, Mayers-Carrillo must show "that the sentencing judge would have reached a different result had it sentenced [him] under an advisory scheme rather than a mandatory one."[16] "Our cases have placed a substantial burden upon defendants to show specific statements of the sentencing judge that suggest a lower sentence would be imposed under an advisory scheme."[17] The district court's statements in this case do not indicate that it would have sentenced Mayers-Carrillo to a lower sentence outside of the Guideline range. Accordingly, Mayers-Carrillo has not met his burden to show that the error affected his substantial rights.

---

[14]*United States v. Mares*, 402 F.3d 511, 521 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

[15]*United States v. Bringier*, 405 F.3d 310, 317 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 264 (2005).

[16]*Id.*

[17]*United States v. Rodriguez-Gutierrez*, 428 F.3d 201, 203-04 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1383 (2006).

8

For the foregoing reasons, we AFFIRM Mayers-Carrillo's sentence.