United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2006**

Charles R. Fulbruge III
Clerk

REVISED MARCH 29, 2007
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40537
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROHAN GEORGE STEWART,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-712-ALL
--------------------

Before DAVIS, BARKSDALE, AND BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Rohan George Stewart appeals his guilty-plea conviction and sentence for attempted illegal reentry. See 8 U.S.C. § 1326. He argues that the district court erred in assessing a 16-level "crime of violence" enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a prior Florida conviction for burglary of a dwelling. He argues that the Florida statute is over broad because it includes "curtilage" in the definition of "dwelling." See FLA. STAT. §§ 810.02, 810.011(2).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stewart's argument is without merit. The charging document for one of the burglaries on which the enhancement was based indicates that he burglarized an apartment. An apartment is designed for human habitation and is therefore within the meaning of a "dwelling" for purposes of "burglary of a dwelling" as used in the Guidelines. United States v. Murillo-Lopez, 444 F.3d 337, 345 (5th Cir. 2006); § 2L1.2(b)(1)(A)(ii), comment. (n.1(B)(iii)); FLA. STAT. § 810.011(2).

Stewart's challenge to the constitutionality of 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Stewart contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

AFFIRMED.