United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40572
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BUENAVENTURA JESUS GOMEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-993-ALL

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Buenaventura Jesus Gomez appeals his guilty-plea conviction of, and sentence for, violating 8 U.S.C. § 1326 by being found in the United States without permission after deportation. Gomez argues that the district court erred in finding that his prior Florida conviction for armed burglary under FLA. STAT. ANN. § 810.02(2) was a "crime of violence" for purposes of imposing the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Specifically, he contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Florida definition of burglary is broader than the "'generic contemporary meaning' of the term 'burglary of a dwelling'" because it "expressly includes the curtilage that the modern definition of 'dwelling' has abandoned." He also contends that the Florida armed burglary statute "does not have as an element the use, attempted use, or threatened use of physical force against the person of another."

To decide whether Gomez's prior conviction qualifies as an enumerated offense, we must determine the scope of the prior conviction, examining the statute and certain adjudicative records if necessary. See United States v. Murillo-Lopez, 444 F.3d 337, 339-40 (5th Cir. 2006). The Florida statute under which Gomez was convicted and the criminal information to which he pleaded guilty both include entry into a dwelling's curtilage. This court has recently determined "that the ordinary, contemporary, common meaning of burglary of a dwelling does not extend to the grounds around the dwelling, but actually requires unlawful or unprivileged entry into, or remaining in, the dwelling itself." United States v. Gomez-Guerra, 485 F.3d 301, 304 (5th Cir. 2007). (internal quotation marks and citation omitted) (construing FLA. STAT. ANN. § 810.02(2), which is in relevant part identical to the statute at issue here). Thus, Gomez was not convicted of the enumerated offense of "burglary of a dwelling."[1] Further, the Florida armed burglary statute, which required that Gomez merely possess a dangerous weapon during the burglary, does not have "as an element

---

[1] The information to which Gomez plead guilty stated that he "did unlawfully enter or remain in a structure, to wit: a dwelling located at 8201 Northwest 7th Street...." The information to which Gomez-Guerra plead guilty stated that he "did enter or remain in a structure, to-wit, a dwelling or the curtilage thereof, the property of [the victim]...." Even though Gomez's information did not include the "curtilage" language contained in Gomez-Guerra's information, Gomez's information does not eliminate the possibility that he merely entered the curtilage because Florida defines "dwelling" itself to include curtilage. See FLA. STAT. ANN. § 810.011(b); Gomez-Guerra, 485 F.3d at 303.

the use, attempted use, or threatened use of physical force against the person of another." See U.S.S.G. § 2L1.2 cmt. 1(B)(iii) (emphasis added); United States v. Dominguez, 479 F.3d 345, 348 (5th Cir. 2007).[2] Thus, the district court erred in applying the 16-level enhancement under § 2L1.2(b)(1)(A)(ii).

Gomez also argues that, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 70-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Gomez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Gomez properly

---

[2] U.S.S.G. § 2L1.2(b)(1)(C) provides an eight-level increase for prior commission of an "aggravated felony," which after a few twists and turns is defined to include a slightly different definition of "crime of violence" - that of 18 U.S.C. § 16, which includes crimes that have as an element the use, attempted use, or threatened use of force against the person or property of another or crimes involving substantial risk that such force against person or property may be used during the commission of the offense. We do not decide whether this enhancement might apply on remand. This is true even though United States v. Diaz-Diaz, 327 F.3d 410, 414 (5th Cir. 2003), held that mere possession of a gun did not involve a substantial risk of force in commission of the crime under 18 U.S.C. § 16(b), because the crime of conviction here was possession of a gun during a burglary, not just possession of a gun by itself, and possession of a gun during a burglary may include as an element the use, attempted use, or threatened use of force against property under § 16(a) or may involve a substantial risk of force against person or property during the commission of the offense, even though possession of a gun by itself does not, under § 16(b). We say nothing about that question.

concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve if for further review.

Accordingly, we AFFIRM the conviction, VACATE the sentence, and remand the case for resentencing.