**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2014

No. 11-60682

Lyle W. Cayce
Clerk

NICOLA MILLER,

Petitioner,

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 088 319

Before BENAVIDES, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nicola Miller petitions this Court for review of a Board of Immigration
Appeals ("BIA") removal order. An immigration judge found Miller removable
pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(A)(ii), as an
alien twice convicted of a crime involving moral turpitude. The BIA affirmed.

The INA affords this Court jurisdiction to review final orders of removal.
*See* 8 U.S.C. § 1252(b). We review *de novo* the classification of a state conviction
as a crime involving moral turpitude. *Hyder v. Keisler*, 506 F.3d 388, 390 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-60682

Cir. 2007).   In classifying Miller's conviction of grand theft, FLA. STAT. § 812.014(2)(a), (c)(1), as a crime of moral turpitude, the immigration judge looked beyond the conviction record to a police report, as permitted under the analytical framework proposed by the Attorney General in *Matter of Silva-Trevino*, 24 I. & N. Dec. 687 (A.G. 2008).   This Court, however, recently held that the *Silva-Trevino* framework—insofar as it permits extrinsic examination of documents outside of the conviction record—conflicts with the unambiguous language of the INA.   *See Silva-Trevino v. Holder*, No. 11-60464, --- F.3d ---- (5th Cir. 2014).   As a consequence, that analytical method does not displace Circuit precedent, which precludes examination of the police report.   *See Amouzadeh v. Winfrey*, 467 F.3d 451, 455 (5th Cir. 2006) (describing the Circuit's modified-categorical approach); *United States v. Murillo-Lopez*, 444 F.3d 337, 340 (5th Cir. 2006) (listing the documents made available for review by *Shepard v. United States*, 544 U.S. 13 (2005)) (other citations omitted).   Accordingly, we GRANT Miller's petition, VACATE the BIA's decision, and REMAND for further proceedings.