PER CURIAM.
Walter Lee Ratliff appeals his conviction for burglary of a dwelling, arguing that the building in question, a newly built but unoccupied home, was not a dwelling for purposes of section 810.02(3), Florida Statutes. See § 810.011(2), Fla.Stat. We reject this argument and affirm the conviction based on the holding in Perkins v. State, 630 So.2d 1180 (Fla. 1st DCA 1994), cause dismissed, reh’g granted, No. 86,248, — So.2d — (Fla. Dec. 20, 1995). As in Perkins, we certify to the Supreme Court the following question of great public importance:
DO THE 1982 AMENDMENTS TO CHAPTER 810, FLORIDA STATUTES, SUPERSEDE THE COMMON-LAW DEFINITION OF A DWELLING, *1091 WHEREBY A STRUCTURE’S DESIGN OR SUITABILITY FOR HABITATION, RATHER THAN ACTUAL OCCUPANCY OR INTENT TO OCCUPY, IS CONTROLLING IN DETERMINING WHETHER A STRUCTURE CONSTITUTES A DWELLING.
AFFIRMED.
BOOTH, BENTON and VAN NORTWICK, JJ., concur.