724 So.2d 126 (1998)
Ruben Francisco GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-3627.
District Court of Appeal of Florida, Third District.
November 18, 1998.
Rehearing Denied December 23, 1998.
Michael Tarre, for appellant.
Robert A. Butterworth, Attorney General, and Dominique T. Suite-Brown, Assistant Attorney General, for appellee.
Before NESBITT, LEVY, and FLETCHER, JJ.
*127 NESBITT, J.
Ruben Gonzalez appeals his conviction on two counts of burglary and one count of grand theft. Due to the unique facts of this case, we reverse the burglary conviction on count one, affirm the burglary conviction on count two, and affirm the grand theft conviction.
Count one of the information charged Gonzalez and cohort Luis Blanco with burglary of a dwelling; count two charged them with burglary of a second dwelling; count three charged them with grand theft. The facts supporting count one indicated that Gonzalez and Blanco had removed an air conditioning compressor that was installed on a concrete pad adjacent to a house under construction. Although not yet occupied, and still owned by the community's developer, the house was near completion. The concrete pad on which the air conditioning compressor was located was not under a roof or within walls, and there was no fence or wall or other enclosure surrounding the house to which the compressor belonged.
The facts surrounding count two were similar; an air conditioning compressor was removed from a similarly situated concrete pad adjacent to a second house under construction. However, Gonzalez and Blanco had also entered the garage of the second house and taken thirteen five-gallon containers of paint from the garage. Count threethe grand theft chargeconcerned the unlawful taking of the compressors and/or the paint. Gonzalez was convicted as charged on all three counts of the information.
Gonzalez contends that he could not be guilty of burglary with regard to the air conditioning compressors because they were not located within the houses and were not located within the "curtilage" of the houses.[1] Following the Supreme Court's decision in State v. Hamilton, 660 So.2d 1038 (Fla.1995), we agree. The Hamilton Court held that in order to be considered "curtilage" for purposes of the burglary statute, the area in question had to be enclosedfor example, by a fence or a wall. See Hamilton, 660 So.2d at 1044. Here, the property surrounding each housewhere the concrete pads were locatedwas not enclosed. Also, the compressors, though adjacent to the houses and, indeed, connected to the houses by hoses, were not within enclosures themselves.
Therefore, we vacate Gonzalez's conviction for burglary as to count onewhich involved the theft of the compressor from house number oneand remand with directions to the trial court to sentence Gonzalez on this count to the lesser included offense of trespass on property.
The burglary conviction on count two is affirmed. While the theft of the compressor from house number twoas with house number onecannot support a burglary conviction, the theft of the paint taken from house two's garage does support a burglary conviction. Likewise, we affirm the grand theft conviction.
Reversed and remanded as to count one, burglary; affirmed as to count two, burglary, and as to count three, grand theft.
NOTES
[1] Gonzalez also claims that the burglary convictions cannot stand because these houses, under construction and not occupied, were not "dwellings" within the meaning of the burglary statute. We disagree. The statute defines "dwelling" as "a building of any kind ... which has a roof over it and is designed to be occupied by people lodging therein at night ...." § 810.011(2), Fla. Stat. (1995). In our view, the houses here meet this definition. See State v. Bennett, 565 So.2d 803 (Fla. 2d DCA 1990).