831 So.2d 702 (2002)
Eric E. ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2667.
District Court of Appeal of Florida, Fourth District.
October 30, 2002.
Rehearing Denied December 19, 2002.
Lewis A. Fishman of Lewis A. Fishman, P.A., Plantation, for appellant.
*703 Robert A. Butterworth, Attorney General, Tallahassee, and Maria J. Patullo, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of burglary of a dwelling and theft. He argues that the structure he entered, which was an incomplete addition to a residence, was not a dwelling. We affirm.
The victim was remodeling his home by making it larger. At the time of the crime the addition, which was separated from the home in which the victim was living by a temporary wall containing no access, had walls and a roof, but no door or windows.
A dwelling, for purposes of our burglary statute, section 810.02, Florida Statutes (2002) is defined in section 810.011(2) as follows:
"Dwelling" means a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof.
The trial court concluded that the unoccupied addition was either part of the dwelling or part of the curtilage, a term which is not defined in the statute.
In State v. Hamilton, 660 So.2d 1038, 1039 (Fla.1995), our supreme court held that the common law definition of curtilage, "the ground and buildings immediately surrounding a dwelling and customarily used in connection with it," must be applied to the burglary statute. The Hamilton court also held that curtilage requires some form of enclosure. We conclude that under Hamilton, the addition to the victim's home in this case, although not yet habitable, was part of the curtilage.
In Gonzalez v. State, 724 So.2d 126, 127 n. 1 (Fla. 3d DCA 1998), the court, in dicta, suggested that a nearly completed new home, not yet occupiable, could constitute a dwelling under the burglary statute. We do not necessarily agree with that dicta and accordingly affirm this burglary conviction only on the basis that the unfinished addition was part of the curtilage.[1] Affirmed.
FARMER and STEVENSON, JJ., concur.
NOTES
[1] The decision as to whether to charge burglary of a structure or burglary of a dwelling should not be undertaken lightly, because if the decision turns out to be wrong, it will result in a dismissal of the charges. Small v. State, 710 So.2d 591 (Fla. 4th DCA 1998)(Dismissing a conviction for burglary of a structure where the burglary took place in an open carport attached to a residence. The conviction would have been affirmed if the defendant had been charged with burglary of a dwelling). If a home under construction meets the definition of a structure, but is not ready to be occupied as a dwelling, the safer course, in our opinion, would be to charge burglary of a structure. A new home, ready to be occupied, but not yet occupied, is a dwelling. Ratliff v. State, 668 So.2d 1090 (Fla. 1st DCA 1996).