PER CURIAM.
Paul Moore appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion, which raised several claims. We affirm and write to specify that the affirmance of the denial of one of the claims is without prejudice.
Moore entered a negotiated, no contest plea to several offenses, including two counts of burglary of a dwelling. The factual basis for the plea explained that Moore stole “air-conditioning units” from two homes under construction. Moore claims that his plea was involuntary because the factual basis does not support the burglary of a dwelling charges. This claim is properly raised in a 3.850 motion. Franklin v. State, 645 So.2d 166 (Fla. 4th DCA 1994).
Moore argues that the houses did not qualify as dwellings because they were under construction. See Perkins v. State, 682 So.2d 1083 (Fla.1996)(holding that an unoccupied house is afforded the same protection, under section 810.011(2), as an occupied house). Moore does not specify how the homes did not meet the definition of “dwelling” under section 810.011(2), Florida Statutes; rather, he alleges generally that the facts did not establish the crime of burglary of a dwelling and that counsel was ineffective in allowing him to enter a no contest plea to these charges.
Pro se motions should be liberally construed. Willis v. State, 840 So.2d 1135, 1136 (Fla. 4th DCA 2003). Nevertheless, Moore must show prejudice or a manifest injustice to be entitled to withdraw his plea after sentencing. Panno v. State, 517 So.2d 129, 131 (Fla. 4th DCA 1987); see Williams v. State, 316 So.2d 267, 273 (Fla.1975)(explaining the purpose of the factual basis and setting out the manifest injustice standard for withdrawing plea after sentencing).
In this case, the allegations are insufficiently specific to establish that the factual basis recited for the plea does not support the burglary of a dwelling charges. See Gonzalez v. State, 724 So.2d 126, 127 (Fla. 3d DCA 1998); Anderson v. State, 831 So.2d 702, 703 (Fla. 4th DCA 2002). See also State v. Hamilton, 660 So.2d 1038, 1044-45 (Fla.1995)(requiring some form of enclosure for “curtilage” as applied to burglary statute).
Burglary of a structure, when there is no one inside at the time, is a third-degree felony. § 810.02(4)(a), Fla. Stat. (1999). Burglary of a dwelling is a second-degree felony, whether someone is inside at the time or not. § 810.02(3)(a) & (b), Fla. Stat. (1999). While Moore might be prejudiced if he was convicted of the wrong offense under the facts of his case, he fails to adequately explain or allege facts that would meet the manifest injustice standard.
Accordingly, the denial of Moore’s claim that his plea to burglary of a dwelling was involuntary is affirmed. Mindful of the liberal standard applied to pro se motions, affirmance is without prejudice to Moore filing a sworn post-conviction motion within sixty days from the date of the issuance of the mandate in this case alleging sufficient facts, if such facts exist, in order to demonstrate that his crime did not amount to burglary of a dwelling. Moore’s other claims are affirmed with prejudice.
GUNTHER, STONE and MAY, JJ., concur.