**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 23, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————

No. 05-41789

————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BENITO GOMEZ-GUERRA,

Defendant - Appellant.

Appeal from the United States District Court
For the Southern District of Texas

Before JONES, Chief Judge, GARWOOD and GARZA, Circuit Judges.

PER CURIAM:

On August 18, 2005, Benito Gomez-Guerra ("Gomez") pleaded guilty to illegal re-entry in violation of 8 U.S.C. § 1326(b) (2000). The district court sentenced Gomez to 72 months imprisonment after calculating a sentencing guideline range of 70-87 months. To reach that guideline range, the district court applied, among other adjustments, a 16-level enhancement, pursuant to United States Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A)(ii) (2005), after determining that Gomez's 1997 Florida conviction for burglary, Florida Statute § 810.02(3) (1995), constituted

a crime of violence. Gomez objected to the district court's treatment of his 1997 burglary conviction as a crime of violence and argued the unconstitutionality of the illegal re-entry provisions. The district court overruled these objections and Gomez filed a timely notice of appeal.

Gomez argues that the district court erred in finding that his Florida conviction for burglary was a "crime of violence" for the purposes of imposing the 16-level enhancement under USSG § 2L1.2(b)(1)(A)(ii). A "crime of violence" is defined in the application notes of § 2L1.2 as being one of two things: "(1) it has the use, attempted use, or threatened use of physical force against the person of another as an element of the offense, or (2) it qualifies as one of several specifically enumerated offenses." *United States v. Murillo-Lopez*, 444 F.3d 337, 339 (5th Cir. 2006) (citing USSG § 2L1.2 cmt. n.1(B)(iii)). The government argues only that Gomez's prior offense qualifies as one of the enumerated offenses, namely "burglary of a dwelling." USSG § 2L1.2 cmt. n.1(B)(iii).[1]

To decide whether Gomez's prior conviction qualifies as an enumerated offense we must determine the scope of the prior conviction, looking to the statute or certain adjudicative records. *Murillo-Lopez*, 444 F.3d at 339-40. The Florida statute under which Gomez was convicted and the criminal information to which Gomez pleaded *nolo contendere* both include entry into a dwelling's curtilage.[2] The Florida courts have held "that the common law definition of curtilage, 'the ground

_____

[1] The recent Supreme Court opinion in *James v. United States*, No. 05-9264, 550 US ___ (2007), which held that a Florida conviction for attempted burglary of a dwelling qualifies as a violent felony for the purposes of the Armed Career Criminal Act, 18 U.S.C § 924(2)(B)(ii), is not dispositive of this case. The analysis in *James* expressly does not concern enumerated offenses and pertains only to a residual provision in § 924(2)(B)(ii); USSG § 2L1.2 cmt. n.1(B)(iii) does not contain a similar residual provision.

[2] The Florida statute defining the terms of Fla. Stat. § 810.02(3) states that "dwelling" is "a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, *together with the curtilage thereof*." Fla. Stat.

and buildings immediately surrounding a dwelling and customarily used in connection with it,' must be applied to the burglary statute." *Anderson v. State*, 831 So. 2d 702, 703 (Fla. Dist. Ct. App. 2002) (citing *State v. Hamilton*, 660 So. 2d 1038, 1039 (Fla. 1995)); *see also Chambers v. State*, 700 So. 2d 441 (Fla. Dist. Ct. App. 1997) (affirming a conviction for "burglary of a dwelling as a result of taking a bicycle from behind the victim's house"); *Greer v. State*, 354 So.2d 952, 953 (Fla. Dist. Ct. App. 1978) ("[T]he unlawful entry of appellant into the parking lot (curtilage) surrounding the business structure with intent to commit an offense (larceny) was a burglary."). Therefore, Gomez could have been convicted of merely entering a dwelling's curtilage.

The government argues that this conviction should still qualify as the enumerated offense of "burglary of a dwelling," as used in USSG § 2L1.2 cmt. n.1(B)(iii). We determine the meaning of the guidelines' reference to "burglary of a dwelling" by using a "common sense approach" and look to the "ordinary, contemporary, common meaning" of the phrase. *Murillo-Lopez*, 444 F.3d at 339. We find that the "ordinary, contemporary, common meaning" of "burglary of a dwelling" does not extend to the grounds around the dwelling, but actually requires unlawful or unprivileged entry into, or remaining in, the dwelling itself. *See United States v. Garcia-Mendez*, 420 F.3d 454, 457 (5th Cir. 2005) (establishing that the Texas crime of burglary of a habitation, Texas Penal Code § 30.02, "is equivalent to the enumerated [crime of violence] offense of 'burglary of a dwelling'").[3] Because the

§ 810.011(2) (1995) (emphasis added); *see also Baker v. State*, 636 So.2d 1342, 1344 (Fla. 1994) ("Entry onto the curtilage is, for the purposes of the burglary statute, entry into the structure or dwelling.")

The criminal information stated that Gomez, "without being authorized, licensed or invited did enter or remain in a structure, to-wit, a dwelling *or the curtilage thereof*, the property of [the victim] with the intent to commit therein an offense, to-wit theft . . . ." (emphasis added).

[3] Texas defines "habitation" as "a structure or vehicle that is adapted for the overnight accommodation of persons, and includes: (A) each separately secured or occupied portion of the

curtilage is the grounds around the dwelling and is not the dwelling itself, we cannot hold that Gomez was convicted of the enumerated offense of "burglary of a dwelling." *Cf. James v. United States*, No. 05-9264, 550 U.S. ___ (2007), slip op. at 18 ("We agree that the inclusion of curtilage takes Florida's underlying offense of burglary outside the definition of 'generic burglary' set forth in *Taylor*, which requires an unlawful entry into, or remaining in, '*a building or other structure*.'") (emphasis in original) (citing *Taylor v. United States*, 495 U.S. 575, 598 (1990)). Therefore, the 16-level enhancement made under USSG § 2L1.2(b)(1)(A)(ii) was improper. *See United States v. Izaguirre-Flores*, 405 F.3d 270, 276-77 (5th Cir. 2005) ("[W]e have held that when the enumerated offense under the Guidelines encompasses a narrower range of conduct than that prohibited by the state statute, we cannot hold as a matter of law that the sentencing enhancement is proper.").

In addition, Gomez also argues that the "felony" and "aggravated felony" provisions found of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. This claim is denied. Gomez concedes that this argument is foreclosed by precedent and raises it here only to preserve it for Supreme Court review. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000).

Because the district court improperly calculated the sentencing guideline range, we VACATE and REMAND for resentencing.

---

structure or vehicle; and (B) each structure appurtenant to or connected with the structure or vehicle." Tex. Penal Code § 30.01(1); *see also St. Julian v. State*, 874 S.W.2d 669, 671 (Tex. Crim. App. 1994) ("The legal purpose of article 30.02(a)(1) is to protect against intrusion into a building or a portion of a building where people expect to be free of intrusion because of the special nature of the place.").