United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 6, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40406
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN PACHECO-SALAZAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-858
--------------------

Before REAVELY, DENNIS, and PRADO, Circuit Judges:

PER CURIAM:[*]

Pacheco-Salazar appeals the 90-month sentence that resulted from his guilty-plea conviction for being found in the United States without permission after deportation in violation of 8 U.S.C. § 1326.

Pacheco-Salazar argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 90-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Pacheco-Salazar'S constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Pacheco-Salazar properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Pacheco-Salazar also argues that the 16-level enhancement was improper because his 1993 burglary conviction under Florida Statute § 810.02 was not a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). This court reviews the sentencing court's interpretation and application of the Guidelines de novo because Pacheco-Salazar raised the issue in the district court. See United States v. Calderon-Pena, 383 F.3d 254, 256 (5th Cir. 2004)(en banc), cert. denied, 543 U.S. 1076 (2005).

The charging document, on which the enhancement was based, expressly charged Pacheco-Salazar with entering or remaining "in a certain dwelling," and the judgment for the Florida conviction

expressly refers to a "dwelling."  Because the definition of dwelling in § 810.011(2) includes "the curtilage thereof," Pacheco-Salazar's offense may have occurred on the "curtilage" of the property, which would not constitute a "burglary of a dwelling" under § 2L1.2.  See United States v. Gomez-Guerra, 485 F.3d 301, 303-04 (5th Cir. 2007).  Accordingly, Pacheco-Salazar was not convicted of the enumerated offense of "burglary of a dwelling."  See id.  Because the district court improperly calculated the sentencing guideline range, we VACATE and REMAND for resentencing.

VACATED AND REMANDED FOR RESENTENCING.