# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2007

Charles R. Fulbruge III
Clerk

No. 07-40160
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GUSTAVO CASTILLO-MEDINA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-1007-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gustavo Castillo-Medina appeals his conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. §§ 1326(a) and (b). Castillo-Medina argues that the district court erred in applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on the determination that his 1992 Texas conviction for burglary of a habitation constitutes a crime of violence. Because Castillo-Medina did not object to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposition of the enhancement in the district court, review is for plain error. See United States v. Garza-Lopez, 410 F.3d 268, 272 (5th Cir. 2005).

Castillo-Medina recognizes that this court has previously held that an offense committed under TEX. PENAL CODE § 30.02(a)(1), the statute of his conviction, is a crime of violence for purposes of § 2L1.2, but argues that the Supreme Court's recent decision in James v. United States, 127 S. Ct. 1586, 1599-1600 (2007), overrules this circuit's precedent. His argument is unpersuasive.

In United States v. Gomez-Guerra, 485 F.3d 301, 304 & n.3 (5th Cir. 2007), this court noted that the analysis in James expressly does not concern enumerated offenses and pertains only to a residual provision in 18 U.S.C. § 924(2)(B)(ii), which § 2L1.2 does not contain. Consequently, James is not dispositive of this case. Moreover, because this court has repeatedly held that an offense under § 30.02(a)(1) constitutes a crime of violence for purposes of § 2L1.2, the district court did not plainly err in applying the enhancement under § 2L1.2(b)(1)(A)(ii). See Gomez-Guerra, 485 F.3d at 304; United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005); see also United States v. Murillo-Lopez, 444 F.3d 337, 339, 344 (5th Cir. 2006).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Castillo-Medina challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

Accordingly, the judgment of the district court is AFFIRMED.