# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2007

Charles R. Fulbruge III
Clerk

No. 07-40148
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JESUS CARRILLO-RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-857-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jesus Carrillo-Rodriguez appeals his conviction of being found in the United States after a previous deportation, pursuant to 8 U.S.C. § 1326. Carrillo-Rodriguez contends that the 16-level adjustment to his offense level for a previous conviction of a crime of violence was erroneous because the Florida statute under which he was convicted of burglary in 2004 extends to conduct beyond the generic definition of burglary of a dwelling because the operative

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

definition of "dwelling" in Florida includes the curtilage of a building. He argues that the district court's error was not harmless for numerous reasons.

Carrillo-Rodriguez did not raise in the district court his argument about the Florida statute's inclusion of curtilage in its definition of a dwelling. Our review is for plain error. See United States v. Cabral-Castillo, 35 F.3d 182, 188-89 (5th Cir. 1994).

The district court erred by adjusting Carrillo-Rodriguez's offense level based on his Florida conviction. See United States v. Gomez-Guerra, 485 F.3d 301-303-04 (5th Cir. 2007). However, the 16-level adjustment did not constitute reversible plain error, whether the district court's alternative reasoning for imposing a 70-month sentence constituted an upward departure or a non-guideline sentence.

The district court incorrectly considered Carrillo-Rodriguez's arrest record. See U.S.S.G. § 4A1.3(a)(3), p.s. However, Carrillo-Rodriguez had a total of 11 convictions that were not counted when calculating his criminal history score. The district court did not err by concluding that Carrillo-Rodriguez's convictions of unlawfully carrying a weapon and battery suggested a history of violence, and that his convictions of petty theft, burglary of a structure, grand theft, and criminal trespass suggested a lack of respect for other peoples' property. See § 4A1.3(a)(3), p.s., comment. (backg'd).

The number and nature of Carrillo-Rodriguez's uncounted convictions suggested that a substantial departure or a relatively high non-guideline sentence was advisable to promote respect for the law, provide just punishment, afford deterrence against future criminal conduct, and protect the public from Carrillo-Rodriguez. See 18 U.S.C. § 3553(a)(2). Because a departure was permissible pursuant to § 4A1.3(a)(3), p.s., the sentence was consistent with § 3553(b)(1), which allows departures when an aggravating circumstance has not been adequately taken into account, in kind or in degree, by the Sentencing Commission. Moreover, given Carrillo-Rodriguez's evident disregard for the law,

a departure was justified on the facts of the case. See United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006).

Analyzed as a non-guideline sentence, the district court provided fact-specific, compelling reasons that are consistent with the sentencing factors of § 3553(a). The district court did not fail to account for any factor that should have received significant weight or, despite the consideration of Carrillo-Rodriguez's arrest record, give significant weight to an improper factor. Nor did the district court commit a clear error in judgment while balancing the sentencing factors. See United States v. Smith, 440 F.3d 704, 707-08 (5th Cir. 2006). The 70-month sentence was reasonable in light of Carrillo-Rodriguez's extensive history of serious criminal conduct. See id. at 705, 710.

Carrillo-Rodriguez also maintains the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in the light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which held 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir.2007), petition for cert. filed, (Aug. 28, 2007) (No. 07-6202).

AFFIRMED.