# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-40076
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HECTOR RODRIGUEZ, also known as Hector Castillo-Rodriguez

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-136-ALL

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hector Rodriguez appeals his conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. Rodriguez argues that the district court erred in applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on the determination that his 1986 and 2001 Texas convictions for burglary of a habitation constitute crimes of violence. We review the district court's application of the Sentencing Guidelines de novo and its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

findings of fact for clear error.  United States v. Villanueva, 408 F.3d 193, 202, 203 n.9 (5th Cir. 2005); United States v. Vargas-Duran, 356 F.3d 598, 602 (5th Cir. 2004)(en banc).

Rodriguez recognizes that this court has previously held that an offense committed under TEX. PENAL CODE § 30.02(a)(1), the statute of his convictions, is a crime of violence for purposes of § 2L1.2, but he argues that the Supreme Court's recent decision in James v. United States, 127 S. Ct. 1586, 1599-1600 (2007), overrules this circuit's precedent.  His argument is unpersuasive.

In United States v. Gomez-Guerra, 485 F.3d 301, 303 n.1 (5th Cir. 2007), this court noted that the analysis in James expressly does not concern enumerated offenses and pertains only to a residual provision in 18 U.S.C. § 924(e)(2)(B)(i), which § 2L1.2 does not contain.  Consequently, James is not dispositive of this case.  Moreover, because this court has repeatedly held that an offense under § 30.02(a)(1) constitutes a crime of violence for purposes of § 2L1.2, the district court did not err in applying the enhancement under § 2L1.2(b)(1)(A)(ii).  See Gomez-Guerra, 485 F.3d at 304 & n.3; United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2007); see also United States v. Murillo-Lopez, 444 F.3d 337, 339, 444 (5th Cir. 2006).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Rodriguez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  This court has held that this issue is "fully foreclosed from further debate."  United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007)(No. 07-6202).  Accordingly, the judgment of the district court is AFFIRMED.