IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-40503
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JORGE LUIS MIRELES-FLORES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-81-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Mireles-Flores appeals his conviction and sentence for being present in the United States following deportation in violation of 8 U.S.C. § 1326. Mireles-Flores argues that the district court erred in applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on the determination that his 2006 Texas conviction for burglary of a habitation constitutes a crime of violence. We review the district court's application of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Villanueva, 408 F.3d 193, 202, 203 n.9 (5th Cir. 2005); United States v. Vargas-Duran, 356 F.3d 598, 602 (5th Cir. 2004) (en banc).

Mireles-Flores recognizes that this court has previously held that an offense committed under TEX. PENAL CODE § 30.02(a)(1), the statute of his conviction, is a crime of violence for purposes of § 2L1.2, but he argues that the Supreme Court's recent decision in James v. United States, 127 S. Ct. 1586, 1599-1600 (2007), overrules this circuit's precedent. In United States v. Gomez-Guerra, 485 F.3d 301, 303 n.1 (5th Cir.), cert. denied, 128 S.Ct. 156 (2007), this court noted that the analysis in James expressly does not concern enumerated offenses and pertains only to a residual provision in 18 U.S.C. § 924(e)(2)(B)(i), which § 2L1.2 does not contain. Consequently, James is not dispositive of this case. Moreover, because this court has held that an offense under § 30.02(a)(1) constitutes a crime of violence for purposes of § 2L1.2, the district court did not err in applying the enhancement under § 2L1.2(b)(1)(A)(ii). See United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert. denied. 126 S.Ct. 1398 (2006).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Mireles-Flores challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008) (No. 07-6202). Accordingly, the judgment of the district court is AFFIRMED.