# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-40498
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE ZARAZUA-ALEMAN, also known as Jose Alfredo Zarazua, also known as Jose Alfredo Sarazua

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-70-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jose Zarazua-Aleman appeals his conviction and sentence for being found unlawfully in the United States, following removal. He presents two issues.

Zarazua maintains the district court erred in applying a 16-level enhancement, pursuant to Sentencing Guidelines § 2L1.2(b)(1)(A)(ii), based on determining his prior Texas conviction for burglary of a habitation was a crime of violence (COV). Zarazua recognizes our court has held that an offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

committed under Texas Penal Code § 30.02(a)(1) (burglary of a habitation), the statute of his conviction, is a COV for purposes of § 2L1.2, but he maintains the recent decision in James v. United States, 127 S. Ct. 1586, 1599-1600 (2007), overrules our court's precedent. This contention is without merit; James does not concern enumerated offenses and pertains only to a residual provision in 18 U.S.C. § 924(e)(2)(B)(ii), which § 2L1.2 does not contain. See United States v. Gomez-Guerra, 485 F.3d 301, 303 n.1 (5th Cir.), cert. denied, 128 S. Ct. 156 (2007). The district court did not err in applying the COV enhancement. See United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005).

In the light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Zarazua challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors, rather than elements of the offense that must be found by a jury. This contention is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008) (No. 07-6202).

AFFIRMED.