# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-40612
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL BOLANOS-MORALES, also known as Alberto Vazquez-Torres

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-21-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Daniel Bolanos-Morales (Bolanos) appeals his conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a). Bolanos argues that the district court erred in applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on the determination that his 2001 Texas conviction for burglary of a habitation constituted a conviction for a crime of violence. We review the district court's application of the Sentencing Guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

de novo and its findings of fact for clear error. United States v. Villanueva, 408 F.3d 193, 202, 203 n.9 (5th Cir. 2005); United States v. Vargas-Duran, 356 F.3d 598, 602 (5th Cir. 2004)(en banc).

Bolanos recognizes that this court has previously held that an offense committed under TEX. PENAL CODE § 30.02(a)(1), the statute of his conviction, is a crime of violence for purposes of § 2L1.2, but he argues that the Supreme Court's recent decision in James v. United States, 127 S. Ct. 1586, 1599-1600 (2007), overrules this circuit's precedent. His argument is unpersuasive.

In United States v. Gomez-Guerra, 485 F.3d 301, 303 n.1 (5th Cir. 2007), this court held that the analysis in James expressly does not concern enumerated offenses and pertains only to a residual provision in 18 U.S.C. § 924(e)(2)(B)(I), which § 2L1.2 does not contain. Consequently, James is not dispositive of this case. Because this court has repeatedly held that an offense under § 30.02(a)(1) constitutes a crime of violence for purposes of § 2L1.2, the district court did not err in applying the enhancement under § 2L1.2(b)(1)(A)(ii). See United States v. Murillo-Lopez, 444 F.3d 337, 339, 444 (5th Cir. 2006); United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005).

Bolonas also maintains the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in the light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which held 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008) (No. 07-6202). Accordingly, the judgment of the district court is AFFIRMED.