IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-40378
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VICENTE ELISEO AGUIRRE-CAVAZOS, also known as Vicente Eliseo
Martinez-Cavazos

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-1028-1

Before JONES, Chief Judge, and HIGGINBOTHAM AND CLEMENT, Circuit
Judges.

PER CURIAM:[*]

Vincente Eliseo Aguirre-Cavazos appeals his conviction and sentence for
being present in the United States following deportation in violation of 8 U.S.C.
§ 1326. Aguirre-Cavazos argues that the district court erred in applying a 16-
level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on the
determination that his 2005 Texas conviction for burglary of a habitation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

constitute a crime of violence. We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Villanueva, 408 F.3d 193, 202, 203 n.9 (5th Cir. 2005); United States v. Vargas-Duran, 356 F.3d 598, 602 (5th Cir. 2004) (en banc).

Aguirre-Cavazos recognizes that this court has previously held that an offense committed under TEX. PENAL CODE § 30.02(a)(1), the statute of his convictions, is a crime of violence for purposes of § 2L1.2, but he argues that the Supreme Court's recent decision in James v. United States, 127 S. Ct. 1586, 1599-1600 (2007), overrules this circuit's precedent. In United States v. Gomez-Guerra, 485 F.3d 301, 303 n.1 (5th Cir. 2007), this court noted that the analysis in James expressly does not concern enumerated offenses and pertains only to a residual provision in 18 U.S.C. § 924(e)(2)(B)(i), which § 2L1.2 does not contain. Consequently, James is not dispositive of this case. Moreover, because this court has repeatedly held that an offense under § 30.02(a)(1) constitutes a crime of violence for purposes of § 2L1.2, the district court did not err in applying the enhancement under § 2L1.2(b)(1)(A)(ii). See Gomez-Guerra, 485 F.3d at 304 & n.3; United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2007); see also United States v. Murillo-Lopez, 444 F.3d 337, 339, 444 (5th Cir. 2006).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Aguirre-Cavazos challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1995). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008) (No. 07-6202). Accordingly, the judgment of the district court is AFFIRMED.