# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-20563
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE LUIS SALINAS-LUCIO, also known as Jose Luis Lucio Salinas, also known as Jorge Salinas-Lucio

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-396-1

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Luis Salinas-Lucio was convicted of one count of illegal reentry into the United States following conviction of an aggravated felony, and the district court sentenced him to serve 46 months in prison and a three-year term of supervised release. Salinas-Lucio appeals his conviction and sentence.

Salinas-Lucio contends that the district court erred by denying his motion to dismiss the indictment, which was grounded in a collateral attack on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removal order issued in his prior deportation proceedings. Salinas-Lucio maintains that he was improperly deprived of administrative and judicial review of the removal order because the immigration judge who presided over these proceedings failed to properly advise him of his eligibility for discretionary relief. Salinas-Lucio further argues that he would likely have obtained the disputed relief if he knew it was available. He concedes that this claim is foreclosed by this court's jurisprudence, but he raises it to preserve it for further review. Because the relief requested by Salinas-Lucio "is available within the broad discretion of the Attorney General, [it] is not a right protected by due process." United States v. Lopez-Ortiz, 313 F.3d 225, 230 (5th Cir. 2002). Consequently, Salinas-Lucio has not shown that his collateral challenge to his prior deportation order should succeed, nor has he shown that the district court erred by denying his motion to dismiss his indictment. See id.

Salinas-Lucio also argues that the district court erred by imposing a 16-level adjustment to his offense level based on his prior Texas conviction for burglary of a habitation. He recognizes this court's prior holding that an offense committed under TEX. PENAL CODE § 30.02(a)(1), the statute of his conviction, is a crime of violence for § 2L1.2 purposes, but he argues that James v. United States, 127 S. Ct. 1586, 1599-1600 (2007), overrules this circuit's precedent. His argument is unpersuasive.

In United States v. Gomez-Guerra, 485 F.3d 301, 303 n.1 (5th Cir. 2007), this court noted that the analysis in James does not concern enumerated offenses and pertains only to a residual provision in 18 U.S.C. § 924(e)(2)(B)(i) that is absent from § 2L1.2. Consequently, James is not dispositive of this case. Moreover, because this court has held that an offense under § 30.02(a)(1) constitutes a crime of violence for purposes of § 2L1.2, the district court did not err in applying the disputed adjustment. See Gomez-Guerra, 485 F.3d at 304 & n.3; United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2007); see also United States v. Murillo-Lopez, 444 F.3d 337, 339, 444 (5th Cir. 2006).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Salinas-Lucio challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

Salinas-Lucio has shown no error in connection with his conviction and sentence. Accordingly, the judgment of the district court is AFFIRMED.