IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-20262
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROSALIO PEREZ-VELA, also known as Victor Manuel Mendoza, also known as
Victor Mendoza, also known as Manuel Mendoza-Paz, also known as Rosalio A
Perez, also known as Victor Manuel Mendozapaz

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-361-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Rosalio Perez-Vela appeals his conviction and sentence for being found
unlawfully in the United States after deportation. Perez Vela argues that the
district court erred when it (1) departed upward pursuant to U.S.S.G. § 4A1.3
based on the inadequacy of Perez-Vela's criminal history category and (2)
imposed a 16-level enhancement pursuant to U.S.S.G. § 2L1.2 (B)(1)(A)(ii) based

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

on Perez-Vela's prior Texas conviction for burglary of a habitation.  Perez-Vela also argues that the sentence-enhancement provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Perez-Vela's 115-month sentence included an upward departure from criminal history category VI pursuant to § 4A1.3.  Thus, Perez-Vela's sentence is a guideline sentence, which is reviewed for an abuse of discretion.  See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006).  The district court concluded that an upward departure was warranted because Perez-Vela's criminal history score underrepresented the seriousness of his criminal history or the likelihood that he would commit other crimes and further explained that the departure was justified by Perez-Vela's extensive criminal history, which included two felony convictions and eight misdemeanor convictions.  See United States v. Zuniga-Peralta, 442 F.3d 345, 348 (5th Cir. 2006).  Furthermore, the extent of the district court's departure was not unreasonable given the nature of the instant offense and Perez-Vela's extensive criminal history.  See Zuniga-Peralta, 442 F. 3d at 347-48; United States v. Smith, 417 F.3d 483, 492 (5th Cir. 2005).  Perez-Vela has not shown that the district court reversibly erred in imposing an upward departure or that the extent of the departure was unreasonable.

Perez-Vela's challenge to his 16-level crime of violence enhancement is also unavailing.  His Texas conviction for burglary of a habitation qualifies as an enumerated offense for purposes of the enhancement.  See United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005).  Notwithstanding his argument to the contrary, James v. United States, 127 S. Ct. 1586 (2007), does not overrule this court's precedent on this issue.  See United States v. Gomez-Guerra, 485 F.3d 301, 303 & n.1 (5th Cir.), cert. denied, 128 S. Ct. 156 (2007).

In light of Apprendi, Perez-Vela challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a

jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.