IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-40995
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARMANDO LINARES-HERNANDEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:07-CR-324-1

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Armando Linares-Hernandez appeals his sentence for unlawful presence in the United States following removal. He asserts that the district court erred by imposing a 16-level enhancement based on his conviction of burglary of a hab-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

itation under § 30.02(a)(1) of the Texas Penal Code. Although he recognizes our precedent that this offense is a crime of violence for purposes of U.S.S.G. § 2L1.2, he argues that James v. United States, 127 S. Ct. 1586, 1599-1600 (2007), over-rules it.

His argument is unpersuasive. In United States v. Gomez-Guerra, 485 F.3d 301, 303 n.1 (5th Cir.), cert. denied, 128 S. Ct. 156 (2007), we noted that James pertains only to a residual provision of 18 U.S.C. § 924(e)(2)(B)(i) that is absent from § 2L1.2. Consequently, James is not dispositive. Because we have held that an offense under § 30.02(a)(1) constitutes a crime of violence for purposes of § 2L1.2, the district court did not err in applying the enhancement. See Gomez-Guerra, 485 F.3d at 304 & n.3; United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005).

The judgment is AFFIRMED.