# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2008

Charles R. Fulbruge III
Clerk

No. 08-40151
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

AMARO CORONADO-SANTOS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-905-1

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Amaro Coronado-Santos appeals his guilty-plea conviction and sentence for being found illegally in the United States after having been denied admission, excluded, deported, and removed, in violation of 8 U.S.C. § 1326. Coronado-Santos argues that the district court erred in applying a 16-level adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on the determination that his prior Texas conviction for burglary of a habitation constituted a crime of violence. We review the district court's interpretation and application of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing Guidelines de novo.  United States v. Murillo-Lopez, 444 F.3d 337, 339 (5th Cir. 2006).

Coronado-Santos recognizes that this court has previously held that an offense committed under TEX. PENAL CODE ANN. § 30.02(a)(1), the statute of his previous conviction, is a crime of violence for purposes of § 2L1.2 because it is the equivalent to the enumerated offense of burglary of a dwelling.  See United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005).  Nevertheless, Coronado-Santos argues that the Supreme Court's recent decision in James v. United States, 127 S. Ct. 1586, 1599-1600 (2007), overrules this circuit's precedent.  In United States v. Gomez-Guerra, 485 F.3d 301, 303 n.1 (5th Cir.), cert. denied, 128 S. Ct. 156 (2007), this court noted that the analysis in James expressly does not concern enumerated offenses and pertains only to a residual provision in 18 U.S.C. § 924(e)(2)(B)(ii).  Consequently, James is not dispositive of this case.  Moreover, because this court has held that an offense under § 30.02(a)(1) constitutes a crime of violence for purposes of § 2L1.2, the district court did not err in applying the enhancement under § 2L1.2(b)(1)(A)(ii).  See Garcia-Mendez, 420 F.3d at 456-57.  Accordingly, the judgment of the district court is AFFIRMED.