# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2012

No. 11-50864
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SELVIN ADAN RODRIGUEZ-LOPEZ,
Also Known as Jose Martinez, Also Known as Jose Luis Maldonado,
Also Known as Alexis Rodriguez, Also Known as Alexis Gonzales,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-412-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50864

Selvin Rodriguez-Lopez appeals his 82-month sentence for illegal reentry following deportation. The presentence report calculated the advisory sentencing guideline range based on the treatment of Rodriguez-Lopez's 2006 Florida conviction for burglary of a dwelling, under FLA. STAT. ANN. § 810.02, as a crime of violence ("COV") for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii)'s 16-level enhancement. The enhancement yielded a range of 77-96 months. Rodriguez-Lopez objected to the determination that his burglary offense was a COV.

The district court overruled the objection and imposed a within-guidelines sentence of 82 months in prison and three years of supervised release. The court then stated that, even if the enhancement was not applicable, it would impose the same sentence. The court recognized that the advisory range without the enhancement was 33-41 months, and it imposed an alternative upward-departure guideline sentence of 82 months.

Rodriguez contends that the court erred in treating the Florida conviction as a COV. A conviction under § 810.02 is not categorically the equivalent of the enumerated offense of burglary of a dwelling, because the inclusion of curtilage in the Florida definition of a dwelling renders the statute outside the "ordinary, contemporary, common meaning of burglary of a dwelling." *United States v. Gomez-Guerra*, 485 F.3d 301, 303 & n.2, 304 (5th Cir. 2007). Accordingly, to determine whether a conviction under § 810.02 qualifies as an enumerated COV under § 2L1.2, a court may consider appropriate adjudicative records. *Id.; United States v. Murillo-Lopez*, 444 F.3d 337, 340 (5th Cir. 2006).

The documents relating to the conviction do not aid in narrowing the definition of dwelling to exclude the curtilage. Thus, under *Gomez-Guerra*, 485 F.3d at 303-04, that conviction does not fall within the generic, contemporary meaning of the enumerated "burglary of a dwelling" COV under § 2L1.2. *Gomez-Guerra*, 485 F.3d at 303-04. The district court erred when it adjusted Rodriguez-Lopez's offense level for having a conviction of a COV. *See id.*

The error, however, does not require resentencing. Rodriguez's alternative

upward-departure sentence, which was not the result of a misapplication of the guidelines, supplies the court with an independent basis for affirming. *See United States v. Tzep-Mejia*, 461 F.3d 522, 527 (5th Cir. 2006); *United States v. Ruiz-Arriaga*, 565 F.3d 280, 282 (5th Cir. 2009).

This court reviews criminal sentences for reasonableness in light of the factors in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Reasonableness review, in the context of a departure, requires this court to evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted). An upward departure is not an abuse of discretion if the reasons for it advance the objectives of § 3553-(a)(2) and are justified by the particular facts. *Id.*

Given the extent and severity of Rodriguez-Lopez's criminal history, the district court did not abuse its discretion when it upwardly departed under U.S.S.G. § 4A1.3. The court provided permissible and appropriate reasons for the sentence; in particular, it noted that Rodriguez-Lopez had been convicted of numerous offenses by the age of thirty and that the court had never seen a rap sheet as long as his. The court also stated that society needed to be protected from Rodriguez-Lopez.

The reasons for departure advance the objectives of § 3553(a)(2) and are justified by the facts. *See Zuniga-Peralta*, 442 F.3d 347. Additionally, the sentence is within the range of departures upheld by this court. *See, e.g., United States v. Jones*, 444 F.3d 430, 433, 442 (5th Cir. 2006); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005).

AFFIRMED.