# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2013

Lyle W. Cayce
Clerk

No. 13-50132
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO CHAVEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2409-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Francisco Chavez appeals from his conviction of transporting aliens for financial gain. He contends that his 24-month sentence of imprisonment, which was an upward departure from his guideline sentencing range, was substantively unreasonable. He argues that his criminal history score adequately took into account his more recent convictions, that many of his convictions occurred when he was younger, that many of those convictions

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50132

reflected problems with alcohol, and that sentencing above the guideline range was unnecessary.  He also argues that a sentence within the guideline range would have been sufficient to account for the 18 U.S.C. § 3553(a) factors.

When a proper objection is raised in the district court, this court reviews "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States,* 552 U.S. 38, 51 (2007).  Under U.S.S.G. § 4A1.3, a district court may depart upwardly "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(a)(1); *United States v. Mejia-Huerta,* 480 F.3d 713, 723 (5th Cir. 2007). The district court may base the departure on, among other things, prior sentences not used in computing the criminal history category and prior similar adult conduct that did not result in a criminal conviction. § 4A1.3(a)(2)(A), (E).  This court reviews a district court's decision to depart and the extent of the departure under the abuse of discretion standard. *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

When a defendant fails to object to the substantive or procedural reasonableness of his sentence, this court's review is for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*  Chavez's contention that the sentence was substantively unreasonable, however, should be reviewed under the plain error standard. *See Peltier*, 505 F.3d at 391-92.

No. 13-50132

Chavez's criminal history was lengthy and serious, including more than 30 prior convictions, many of which involved drunk driving and assault. The district court's determination that the criminal history score did not adequately reflect the seriousness of Chavez's criminal history was not an abuse of discretion. *See Smith*, 440 F.3d at 707; *see also United States v. Carrillo-Rodriguez,* 259 F. App'x 671, 672 (5th Cir. 2010) (affirming a departure based on number and nature or prior convictions); *United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004) (affirming a departure based on numerous short sentences that had little deterrent effect).

The district court's explanation for the sentence focused on Chavez's lengthy criminal history, which suggested Chavez's general lack of respect for the law and the need to protect the public from Chavez. The district court thus addressed factors set out at § 3553(a). To the extent Chavez argues that the district court should have given more weight to other factors, this court will not reweigh those factors. *See Gall*, 552 U.S. at 51.

Chavez has failed to show error, plain or otherwise.

AFFIRMED.

3